**WESTGATE LAW**
Matthew A. Rosenthal (SBN 279334)
15760 Ventura Blvd., Ste. 880
Los Angeles, CA 91436
T: (818) 200-1497
F: (818) 869-2208
Matt@westgatelaw.com
Attorneys for Plaintiff,
CLAIRE PETROSYAN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAIRE PETROSYAN,<br><br>　　　　Plaintiff;<br><br>　v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>　　　　Defendant. | Case No.: 2:16-cv-5763<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

　　　CLAIRE PETROSYAN (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against JEFFERSON CAPITAL SYSTEMS, LLC (Defendant):

## INTRODUCTION

　　1.　Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

　　2.　Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

　　3.　Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C.

1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in North Hollywood, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with offices in St. Cloud, Minnesota.

## FACTUAL ALLEGATIONS

10. In or around May of 2016, Plaintiff obtained a copy of her credit report, which included a collections account for a debt allegedly owed to Defendant.

11. On May 12, 2016, Plaintiff mailed Defendant a letter requesting validation of the debt. *See* Validation letter attached as Exhibit "A."

12. Plaintiff's letter included a request that Defendant cease and desist from all further contact. *See* Exhibit "A."

13. Plaintiff's May 12, 2016 letter was sent via certified mail with tracking number 7015 0640 0001 1303 9983, and receipt was confirmed on May 16, 2016.

14. Upon receiving Plaintiff's letter, Defendant mailed Plaintiff a response letter dated May 16, 2016, thereby confirming that Plaintiff's correspondence had been received. *See* Letter from Defendant to Plaintiff attached hereto as Exhibit "B."

15. Despite receiving Plaintiff's letter requesting that Defendant cease and desist from further communication, Defendant placed a call to Plaintiff on August 2, 2016 and left a voicemail message in an attempt to collect the alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "C."

## FIRST CLAIM FOR RELIEF

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

16. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692c(c) of the FDCPA by communicating with Plaintiff in an attempt to collect a debt despite receiving a written request to cease and desist further contact.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF

**Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.**

19. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

20. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

22. WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff;

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

Date: August 3, 2016                                                                **WESTGATE LAW**

By:*/s/ Matthew A. Rosenthal*
Matthew A. Rosenthal
Attorneys for Plaintiff